UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LIQIANG WEI, | ) |
|       Plaintiff, | ) |
| v. | ) Civil Action No. 1:22-cv-03313 (UNA) |
| SCIENCE, | ) |
|       Defendant. | ) |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of the plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court will grant the plaintiff's application for leave to proceed IFP and dismiss the case because plaintiff fails to state a claim.

Plaintiff, a resident of Connecticut, brings this action against "Science/AAAS," or the American Association for the Advancement of Science, located in the District of Columbia, on the basis of diversity jurisdiction, seemingly alleging unspecified torts resulting in personal injury and demanding "$4.02 billions" in damages. He contends that, in August 2022, he submitted an article to AAAS for publication in its journal and AAAS declined to publish it. Plaintiff challenges AAAS's decision to pass on the article, characterizing this action as "brutal and nonprofessional misconduct" that has "deprived [his] basic right." He contends that the rejection of his article is "seen as insult, persecution and murder" that is tantamount to "racial killing and racial genocide." As a result, plaintiff alleges that he has suffered "a tremendous and inestimable loss of both [his] work and [his] life." In addition to damages, he seeks an order requiring AAAS to publish at least

three of his articles and asks that the Court "elevate this civil lawsuit to a criminal one" due to "robbery" of his research.

Plaintiff has failed to state a claim upon which relief may be granted. The Court "shall dismiss" an action in which a plaintiff is proceeding IFP "at any time if the court determines that . . . (B) the action . . . (ii) fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2). A court's *sua sponte* consideration of dismissal under the IFP statute is akin to evaluation of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The Federal Rules of Civil Procedure require that a complaint contain " 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8(a). Although "detailed factual allegations" are not necessary, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555–56. To sufficiently state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. Here, even affording plaintiff "the benefit of all inferences that can be derived from the facts alleged," *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994), the complaint fails to adequately state an actionable claim.

First, plaintiff has neither alleged facts nor provided authority supporting an inference that AAAS owed him any legal duty to publish his article; therefore, it is unclear what tort, if any, it could have plausibly committed.

Second, to whatever extent plaintiff intends to raise a constitutional violation, he pleads nothing to implicate any fundamental right, and instead simply sets forth bare conclusions that unspecified rights have been violated. "Events may not have unfolded as plaintiff wished, but his dissatisfaction . . . [does] not form a basis" for a constitutional violation. *Melton v. District of Columbia*, 85 F. Supp. 3d 183, 193 (D.D.C. 2015). More important, to "recover damages under § 1983, a plaintiff must generally show that the alleged deprivation was committed by a person acting under color of state law." *Jordan v. District of Columbia,* 949 F. Supp. 2d 83, 89–90 (D.D.C. 2013). Plaintiff does not allege facts to show AAAS is an agent of a state or the District of Columbia. Absent such a showing, any intended claim under § 1983 must fail. *See Chandler v. WE. Welch & Assocs.,* 533 F. Supp. 2d 94, 103 (D.D.C. 2008). And plaintiff's vague implication that he may have suffered some sort of race-based discrimination is overly broad and conclusory; he asserts, at most, only a "mere possibility of misconduct," *Iqbal*, 556 U.S. at 679, and a plaintiff "cannot merely invoke his race in the course of a claim's narrative and automatically be entitled to pursue relief," *Bray v. RHT, Inc*., 748 F. Supp. 3, 5 (D.D.C. 1990).

Finally, plaintiff may not initiate criminal proceedings by filing a complaint with this Court. This Court has no authority to compel the government to initiate a criminal investigation or to prosecute a criminal case. *See Shoshone–Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995) (citations omitted); *see also Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases). The decision of whether or not to prosecute, and for what offense, rests with the

government. *See, e.g., Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). "[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997); *Powell v. Katzenbach*, 359 F.2d 234, 234–35 (D.C. Cir. 1965); *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988); *Sibley v. Obama*, 866 F. Supp. 2d 17, 22 (D.D.C. 2012). Nor may a plaintiff compel a criminal investigation by any law enforcement agency by filing a civil complaint. *See Otero v. U.S. Attorney General*, 832 F.2d 141, 141–42 (11th Cir. 1987); *see also Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982). "[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion." *Heckler v. Chaney*, 470 U.S. 821, 831 (1985).

For all of these reasons, plaintiff has failed to state a claim upon which relief may be granted. Therefore, this case is dismissed. A separate order accompanies this memorandum opinion.

DATE: November 17, 2022                   ____/s/_____
                                           JAMES E. BOASBERG
                                           United States District Judge